U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2021 DEC 10 PM 1:42

CLERK

BY ___*Uhw*___
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | |
|---|---|
| TIMOTHY DASLER, for himself and on behalf of T.D., <br><br> Plaintiff, <br><br> v. <br><br> DALENE WASHBURN, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:21-cv-194 <br> ) <br> ) <br> ) <br> ) |

### ENTRY ORDER REQUIRING PLAINTIFF TO FILE PROOF OF TIMELY SERVICE OR TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR FAILURE TO SERVE DEFENDANT

A review of the docket in this case reveals the following:

1. On August 13, 2021, Plaintiff Timothy Dasler, representing himself and purporting to represent his minor child T.D., filed a Complaint against Defendant Dalene Washburn.

2. On October 21, 2021, Plaintiff filed an emergency motion seeking an injunction.

3. On October 22, 2021, the court denied the motion for an injunction and ordered Plaintiff to show cause why the case should not be dismissed for lack of subject matter jurisdiction or on abstention grounds. The court noted that "Defendant has yet to be served in this case[.]" (Doc. 6 at 2.)

4. On November 29, 2021, after receiving an extension, Plaintiff responded to the show cause Order, requested reconsideration of the court's denial of his motion for an injunction, and stated "waiver of service may occur soon." (Doc. 9 at 2, ¶ 9.)

Federal Rule of Civil Procedure 4 requires: "In [g]eneral[,] [a] summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)[.]" Fed. R. Civ. P. 4(c)(1). Rule 4(m) states that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the

action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

As an alternative to serving a summons, a plaintiff may request that a defendant waive service of the summons under Rule 4(d). If the defendant timely returns the waiver, "[w]hen the plaintiff files [the] waiver, proof of service is not required[.]" Fed. R. Civ. P. 4(d)(4). Otherwise, Rule 4(l)(1) requires proof of service of the summons be made to the court. In this case, no waiver or proof of service has been filed.

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987). Because it has been more than ninety (90) days since Plaintiff filed the Complaint, and no waiver or proof of service has been filed, Plaintiff is hereby ORDERED to file a waiver or proof of timely service, or to show good cause for his failure to serve Defendant, on or before December 23, 2021. If Plaintiff fails to respond, the case must be dismissed under Rule 4(m).

In the event Defendant has been timely served or has waived service, and Plaintiff files proof of service or the waiver, the court will consider its subject matter jurisdiction over this case, Plaintiff's response to the court's previous Order to show cause, and Plaintiff's motion to reconsider. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). SO ORDERED.

Dated at Burlington, in the District of Vermont, this 10th day of December, 2021.

/s/ *Christina Reiss*
_____
Christina Reiss, District Judge
United States District Court