UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

**2025 SEP 25   AM II: 35**

CLERK

BY_____ *law*
DEPUTY CLERK

TIMOTHY DASLER,                    )
                                   )
        Plaintiff,                 )
                                   )
    v.                             )    Case No. 2:21-cv-194
                                   )
DALENE WASHBURN,                   )
                                   )
        Defendant.                 )

**ENTRY ORDER DENYING
PLAINTIFF'S MOTION FOR RECONSIDERATION
AND ENTERING FILING INJUNCTION**
(Doc. 63)

Plaintiff Timothy Dasler, representing himself, moves for reconsideration of the court's Order denying the motion to reopen his case and for relief from judgment under Fed. R. Civ. P. 60(b). (Doc. 63.) Defendant opposes the motion. (Doc. 65.) On December 23, 2024, the court issued an Order requiring Plaintiff to show cause why a filing injunction should not be imposed preventing him from filing new cases arising out of his divorce and child custody proceedings, or motions to reopen dismissed cases, without prior permission of the court. Plaintiff filed a timely response. (Doc. 64.)

**I.    Procedural History.**

This case arises from the divorce of Plaintiff and Jennifer Knapp, who are the parents of minor child, T.D. On August 17, 2018, Ms. Knapp was granted primary parental rights and responsibilities for T.D. in a Final Divorce Order issued by the Vermont Superior Court. This included the right to choose T.D.'s medical providers. In this case, commenced on August 13, 2021, Plaintiff filed suit against Defendant Dalene Washburn, T.D.'s therapist, whom Ms. Knapp allegedly selected without consulting Plaintiff, claiming she was not acting in T.D.'s best interest.

On December 19, 2022, Plaintiff moved for leave to amend his Complaint and subsequently filed an interlocutory appeal to the Second Circuit Court of Appeals. The

appeal was dismissed on March 29, 2023. On July 18, 2023, this court denied the motion to amend and dismissed the case. Judgment was entered on July 18, 2023.

On August 8, 2023, Plaintiff moved for reconsideration of the court's July 18, 2023 Entry Order. On August 10, 2023, the court denied the motion because, under the court's Local Rules, motions for reconsideration must be filed within fourteen days from the date of the Order. On August 11, 2023, Plaintiff filed a notice of appeal regarding the court's July 18, 2023 Order.

On August 20, 2023, Plaintiff filed a motion for reconsideration of the fourteen-day time limit for moving for reconsideration, arguing that the twenty-eight-day time limit of Fed. R. Civ. P. 59(e) should have been applied. On October 16, 2023, the court denied the motion, noting that Plaintiff's motion for reconsideration did not cite Rule 59 or seek alteration or amendment of the court's judgment.

The Second Circuit Court of Appeals affirmed the dismissal of Plaintiff's case on April 25, 2024. *See Dasler v. Washburn*, 2024 WL 1787123 (Apr. 25, 2024). On July 2, 2024, the Second Circuit issued a Mandate affirming the July 18, 2023 Judgment. (Doc. 54.)[1] The Supreme Court denied certiorari on March 31, 2025. *See Dasler v. Washburn*, 145 S. Ct. 1893 (Mem) (2025).

On July 25, 2024, Plaintiff filed a motion to amend his Complaint. On July 30, 2024, the court denied the motion, noting that a party seeking to file an amended complaint post-judgment must first have the judgment vacated or set aside under Rule 59(e) or Rule 60(b).

On December 23, 2024, the court denied Plaintiff's motion to reopen the case and for relief from judgment under Rule 60(b)(2). The court explained the Rule 60 standard and determined that Plaintiff's motion was untimely because it was made more than a year after the entry of judgment and that equitable tolling could not be applied because the limitations period imposed by Rule 60(c)(1) is absolute. The court observed that the motion could not be granted under the catch-all provision of Rule 60(b)(6) because

---

[1] On June 12, 2024, Plaintiff filed a motion for rehearing with the Second Circuit requesting the court remand his case for "an opportunity to amend the complaint citing New Evidence[.]" (Doc. 59 at 1, ¶ 2.) The motion was denied on June 25, 2024.

Plaintiff brought his motion under Rule 60(b)(2) based on newly discovered evidence. The court stated that:

> Even were the court to consider Plaintiff's argument on the merits, in order to prevail on his motion under Rule 60(b), he must establish, among other things, that the evidence of such importance that it probably would have changed the outcome. . . . [T]he Second Circuit held that Plaintiff failed to allege a defamation claim because he failed to allege actual statements that were false and defamatory[.] Plaintiff argues that the revised factual allegations contained in his July 25, 2024 proposed Amended Complaint , based on evidence he obtained in October 2023, cures that deficiency. This argument misses the mark. Plaintiff still fails to allege any actual statements made by Defendant Washburn. Instead, he quotes from medical records containing third-party observations.

(Doc. 62 at 5) (internal quotation marks and citations omitted) (first alteration added).

The Vermont Supreme Court ("VSC") has opined as follows regarding Plaintiff's serial filings in parallel litigation:

> The [Family] [C]ourt found that [Mr. Dasler] had continually attempted to relitigate prior final court orders, specifically pointing to his attempt to litigate parenting issues in New Hampshire, his Rule 60 motion to reopen the divorce order, and his recent Rule 60 motion to vacate the RFA order. **It found that [Mr. Dasler] had also moved for reconsideration of nearly every order issued by the court and that virtually all of his motions had been denied for failure to present new facts or legal arguments. The court concluded that [Mr. Dasler]'s repetitive filings were made for the purpose of abusing, harassing, or intimidating [Ms. Knapp].** It therefore granted [Ms. Knapp]'s motion and denied with prejudice [Mr. Dasler]'s motions to dismiss and to sanction [Ms. Knapp]. **It restricted [Mr. Dasler] from filing motions or otherwise engaging in litigation against [Ms. Knapp] unless the filing was either made by a licensed attorney on [Mr. Dasler]'s behalf or [Mr. Dasler] obtained prefiling approval from the court.**

*Knapp v. Dasler*, 2024 VT 65, ¶ 16, 331 A.3d 1011, 1019 (Vt. 2024) (emphasis supplied). The VSC affirmed the Vermont Family Court stating:

> The order issued by the court in this case, which requires [Mr. Dasler] to apply for permission before making a filing and to explain whether there are reasonable and legitimate grounds for the filing . . . does not prevent [Mr. Dasler] from filing meritorious motions. It therefore does not impermissibly infringe on [Mr. Dasler]'s right to access the courts[.]

*Id.* ¶ 35, 331 A.3d at 1026.

In this case, Plaintiff has filed eight motions for reconsideration to date, *see* Docs. 9, 14, 19, 24, 28, 44, 48, 63, and has filed nineteen briefs, motions, and oppositions. In virtually all of his filings, he has sought to re-litigate an issue previously decided, without citing newly discovered evidence or new controlling law.

## II.    Conclusions of Law and Analysis.

### A.    Plaintiff's Motion for Reconsideration.[2]

"It is well-settled that a party may move for reconsideration and obtain relief only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013) (internal quotation marks omitted). This standard must be "narrowly construed and strictly applied so as to 'avoid duplicative rulings on previously considered issues' and prevent [motions for reconsideration] from being used to advance theories not previously argued or 'as a substitute for appealing a final judgment.'" *Merced Irrigation Dist. v. Barclays Bank PLC*, 178 F. Supp. 3d 181, 183 (S.D.N.Y. 2016) (quoting *Montanile v. Nat'l Broad. Co.*, 216 F. Supp. 2d 341, 342 (S.D.N.Y. 2002)).

"[T]he standard for granting a []motion for reconsideration is strict[.]" *Analytical Survs., Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (alteration adopted) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). A motion for reconsideration is not "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple[.]'" *Tonga Partners, L.P.*, 684 F.3d at 52 (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)).

In his Rule 60(b) motion, Plaintiff contended that he "me[]t[] all the criteria for relief under Rule 60(b)(2)[.]" (Doc. 59 at 3, ¶ 19.) The Supreme Court has recently

---

[2] Plaintiff contends his motion is timely because it is eligible for the twenty-eight-day time limit of Fed. R. Civ. P. 59(e) instead of the fourteen-day limit of the Local Rules. As with his August 20, 2023 motion for reconsideration, his current motion does not seek alteration or amendment of the court's original judgment; he seeks "Rule 60(b) relief of reopening the case[.]" (Doc. 63 at 6.) For this reason, the motion is untimely. In light of his self-represented status, the court nonetheless considers Plaintiff's motion.

reiterated that a "party seeking relief based on the grounds covered by paragraphs (1) through (3) . . . faces a 1-year limitations period" and that "Rule 60(b)(6) provides only grounds for relief not already covered by the preceding five paragraphs. Were it otherwise, the catchall provision could swallow the preceding paragraphs and be used to circumvent their time bars." *BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1619 (2025) (internal quotation marks and citation omitted).

Plaintiff brought his motion under Rule 60(b)(2) and filed it more than a year after this court's judgment was entered. Thus, it was properly denied as untimely. *See id.* ("[A] party seeking to reopen his case and replead must first satisfy Rule 60(b) on its own terms and obtain Rule 60(b) relief before Rule 15(a)'s liberal amendment standard can apply.").

Because Plaintiff has failed to meet the exacting standard for granting a motion for reconsideration and merely seeks to re-litigate issues that have been decided, his motion for reconsideration of the denial of Rule 60(b) relief (Doc. 63) is DENIED.

**B.    Whether the Court Should Impose a Filing Injunction on Plaintiff.**

On December 23, 2024, the court issued an Order to Show Cause requiring Plaintiff to explain why it should not enter a filing injunction preventing him from filing new cases and motions arising out of his divorce and child custody proceedings or motions to reopen dismissed cases without prior permission of the court. Plaintiff opposes a filing injunction.

"[D]istrict courts have the power and the obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment, and needless expense to [other parties] and an unnecessary burden on the courts and their supporting personnel." *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (internal quotation marks omitted). "A district court not only may but should protect its ability to carry out its constitutional functions against the threat of onerous, multiplicitous, and baseless litigation." *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986) (internal quotation marks omitted). Accordingly, a court may prohibit an individual from filing in the venue when he or she "abuse[s] the process

5

of the [c]ourts to harass and annoy others with meritless, frivolous, vexatious[,] or

repetitive [filings.]" *In re Hartford Textile Corp.*, 659 F.2d 299, 305 (2d Cir. 1981).

The Second Circuit has instructed district courts to consider the following factors

in deciding whether to enjoin the filing of future lawsuits:

> "(1) the litigant's history of litigation and in particular whether it entailed
> vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in
> pursing the litigation," including whether the litigant has "an objective
> good faith expectation of prevailing[]; (3) whether the litigant is
> represented by counsel; (4) whether the litigant has caused needless
> expense to other parties or has posed an unnecessary burden on the courts
> and their personnel; and (5) whether other sanctions would be adequate to
> protect the courts and other parties."

*Vassel v. Firststorm Props. 2 LLC*, 750 F. App'x 50, 52 (2d Cir. 2018) (quoting *Safir*,

792 F.2d at 24.

In this case, Plaintiff was provided an opportunity to explain why a filing

injunction is not appropriate. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998)

(explaining a court "may not impose a filing injunction on a litigant *sua sponte* without

providing [that] litigant with notice and an opportunity to be heard"). He provided a

sixteen-page response including the following explanation:

> [T]he Vermont Family Court's Order Restricting Abusive Litigation
> ("ORAL") . . . has no bearing on this Federal Case or against a party other
> than Ms. Knapp. . . . Plaintiff's motions to reconsider were made in good
> faith to address judicial misapprehensions of law and fact[.]

(Doc. 64 at 1-2, 11.)

As detailed by the VSC, Plaintiff has a history of vexatious filings in the state

courts. Plaintiff's filings appear to be intended to harass and intimidate his former wife

and his child's therapist, to force them into perpetual litigation, and to cause them to

incur litigation costs, fees, and expenses. They thus may fairly be characterized as filed

for a malicious or improper purpose. Plaintiff has also sought reconsideration of virtually

every Order the court has issued in this case, causing an unnecessary burden on the court

and undue expense and harassment of the opposing party. Indeed, after the Order to Show

Cause was issued highlighting Plaintiff's requests for "reconsideration of virtually every

Order the court has issued[,]" (Doc. 62 at 6), Plaintiff filed yet another motion for

6

reconsideration. *See* Doc 63. Factors (1), (2), and (4) therefore heavily weigh in favor of a filing injunction. Although Plaintiff is self-represented, the court is not convinced that other sanctions would be adequate to protect the court from vexatious litigation or the opposing parties from further harassment. Viewed collectively, the factors weigh in favor of imposing a filing injunction.

For the foregoing reasons, Plaintiff must obtain leave of the court before filing new cases, motions, or moving to reopen closed cases related to the parties and subject matter of the following dockets: *Dasler v. Knapp*, Case No. 21-cv-135 (D. Vt.) and *Dasler v. Washburn*, Case No. 21-cv-194 (D. Vt.). If Plaintiff seeks leave, his filing must be styled as a "Motion for Leave to File" and will be "reviewed by the court[] and, if it appears that the proposed filing is repetitive, meritless, frivolous, malicious, intended to harass, or otherwise barred," leave to file will be denied. *See Demos v. Gen. Elec.*, 2017 WL 4334001, at *2 n.2 (D. Vt. Jan. 27, 2017).

## CONCLUSION

For the reasons stated above, Plaintiff's motion for reconsideration of the court's denial of relief from judgment under Rule 60(b) (Doc. 63) is DENIED.

**Plaintiff Timothy Dasler is hereby ENJOINED from filing new cases, motions, or moving to reopen closed cases related to the parties and subject matter of *Dasler v. Knapp*, Case No. 21-cv-135 (D. Vt.) and *Dasler v. Washburn*, Case No. 21-cv-194 (D. Vt.) without first obtaining the leave of the court.**
SO ORDERED.

Dated at Burlington, in the District of Vermont, this 25th day of September, 2025.

Christina Reiss, Chief Judge
United States District Court